IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| MAXIM HEALTHCARE SERVICES, INC., d/b/a MAXIM STAFFING SOLUTIONS, | ) ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party, John Doe, who was adversely affected by such practices. As described with greater particularity in Paragraph 8 below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Maxim Healthcare Services, Inc., d/b/a Maxim Staffing Solutions, refused to hire John Doe because of his HIV positive status. The Commission alleges that Defendant discriminated against John Doe because he is disabled and because it regarded him as disabled when it refused to hire him in violation of the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)& (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.     At all relevant times, Defendant Maxim Healthcare Services, Inc., ("Maxim Healthcare"), a Maryland corporation, has been continuously doing business in the Commonwealth of Pennsylvania and the City of Pittsburgh and has continuously had at least 15 (fifteen) employees.

5.     At all relevant times, Defendant Maxim Healthcare has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.     At all relevant times, Defendant Maxim Healthcare has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, John Doe filed a Charge of Discrimination with the Commission, EEOC Charge No. 533-2012-00944, alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8.    Since at least January 2012, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112(a) and (b)(1) by refusing to hire John Doe because of his HIV positive status.  The unlawful employment practices include the following:

a.    At all relevant times, John Doe has had a physical impairment (HIV) that substantially limits the operation of his major bodily functions, such as his immune system, reproductive system, and normal cell growth.

b.    At all relevant times, John Doe was qualified for the position of Sitter with or without reasonable accommodation.

c.    In or about January 2012, John Doe applied for employment with Defendant, a staffing service based in Pittsburgh, PA for nurses and other healthcare professionals, as a Sitter to be assigned to a medical facility administered by the U.S. Department of Veterans Affairs ("VA").

d.    On or about March 15, 2012, as part of the application process, John Doe submitted to Defendant a "Health Status Statement Form," signed by his physician, in which his physician disclosed that John Doe was HIV positive, but that there was "no contraindication to working."

e.    On or about May 22, 2012, Defendant informed John Doe that he could not be hired and assigned to the VA facility because he was HIV positive.

f.    Defendant refused to hire John Doe because of his disability, i.e., HIV positive status, and because it regarded him as disabled.

9.    The effect of the practices complained of in Paragraphs 8(a) through (f), above, has been to deprive John Doe of equal employment opportunities, and otherwise adversely

affected his status as a job applicant because of Defendant's refusal to hire him due to his HIV positive status, in violation of the ADA.

10.     The unlawful employment practices complained of in Paragraphs 8(a) through (f), above, were intentional.

11.     The unlawful employment practices complained of in Paragraphs 8(a) through (f), above, were done with malice or with reckless indifference to the federally protected rights of the John Doe.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including but not limited to refusing to hire job applicants because of HIV positive status or any other actual or perceived disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants.

C.     Order Defendant to pay appropriate back pay to John Doe in amounts to be determined at trial, prejudgment interest, instatement or front pay in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice.

D.     Order Defendant to make whole John Doe by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practice described in Paragraphs 8(a)-(f), above, in amounts to be determined at trial.

E.     Order Defendant to make whole John Doe by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practice complained of in

4

Paragraphs 8(a)-(f), above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

      F.      Order Defendant to pay John Doe punitive damages for the malicious and reckless conduct described in Paragraphs 8(a)-(f) above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          FOR:  EQUAL EMPLOYMENT OPPORTUNITY
                 COMMIESSION

                 P. DAVID LOPEZ
                 GENERAL COUNSEL

                 JAMES L. LEE
                 DEPUTY GENERAL COUNSEL

                 GWENDOLYN YOUNG REAMS
                 ASSOCIATE GENERAL COUNSEL

                 DEBRA M. LAWRENCE
                 Regional Attorney
                 EEOC – Philadelphia District Office
                 City Crescent Building, 3rd Floor
                 10 South Howard Street
                 Baltimore, Maryland 21201
                 (410) 209-2734
                 (410) 962-4270 (facsimile)

                 RONALD L. PHILLIPS
                 Supervisory Trial Attorney
                 EEOC – Baltimore Field Office

City Crescent Building, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2737
(410) 962-4270 (facsimile)


_____
DEBORAH A. KANE
Senior Trial Attorney
Pa. I.D. 92531
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA  15222
(412) 395-5866
(412) 395-5749 (facsimile)