IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:14-cv-00338 ) |
| v. | ) Hon. Mark R. Hornak ) |
| MAXIM HEALTHCARE SERVICES, INC., d/b/a MAXIM STAFFING SOLUTIONS, | ) ) ) |
| Defendant. | ) ) |

AND NOW this 30th day of November, 2014

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

CONSENT DECREE

THE LITIGATION

1. This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC") on March 17, 2014, against Defendant Maxim Healthcare Services, Inc., d/b/a Maxim Staffing Solutions ("Defendant"), to enforce provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"). The EEOC alleged that Defendant subjected a job applicant, Charging Party John Doe, to discrimination on the basis of his disability.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims stated in the Complaint. This Decree shall not constitute or be construed as an admission by Defendant of any violation of the ADA.

FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

1

(a) This Court has jurisdiction of the subject matter of this action and of the parties.

(b) The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties, Charging Party John Doe, and the public interest, are adequately protected by this Decree.

(c) This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, Charging Party John Doe, and the public.

(d) The terms of this Decree were reached by a process of negotiation and compromise.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DURATION OF THE DECREE AND GEOGRAPHIC SCOPE

4. This Decree shall become effective on the date of its entry by the Court ("Effective Date") and shall remain in effect until its expiration date, which shall be three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraphs 26 and 27, below, remain unresolved, the term of the Decree shall be automatically extended until final disposition of the dispute.

5. The provisions of this Decree shall apply to Defendant's location at 4955 Steubenville Pike, Suite 245, Pittsburgh, Pennsylvania 15205 (hereafter the "Covered Facility"). In the event that Defendant opens a new office that assumes responsibility for any accounts, customers, or geographic areas previously handled by the office at the aforementioned Steubenville Pike address, this Decree shall also apply to that office's operations .

## INJUNCTION

6. Defendant, its officers, agents, employees, successors, and assigns are

permanently enjoined from engaging in any employment practice that discriminates on the basis of disability, including but not limited to refusing to hire employees because of a disability or a perceived disability or failing to reasonably accommodate employees with disabilities.

7. Defendant, its officers, agents, employees, successors, and assigns are permanently enjoined from retaliation of any kind against any applicant, employee or former employee because such individual, either in the past or in the future: (a) opposed any practice made unlawful or reasonably believed to be unlawful under the ADA; (b) filed a charge of discrimination with the EEOC or any fair employment practices agency; (c) was identified as a potential witness for the EEOC in an action; (d) requested and/or received relief in accordance with this Decree; (e) participated in any manner in an action under the ADA or in any investigation giving rise to such action; or (f) asserted any rights under this Decree. In this regard, Defendant shall not take any action against any applicant, employee or former employee which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such individual's rights under the ADA because of the filing of Charge No. 533-2012-00944 with the EEOC, which forms the basis for this case, or because such individual(s) gave testimony or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

8. Defendant shall not refuse to hire, discharge or otherwise exclude or disqualify any applicant or employee with a disability (as defined by the ADA) from employment with the Defendant based on a perception that the applicant or employee cannot perform one or more essential job functions without first exercising reasonable care in (a) analyzing whether the individual is qualified to perform essential job functions with or without reasonable accommodation, including but not limited to interactively communicating with the individual and, as necessary, his/her health care providers (in a manner consistent with the requirements of

3

42 U.S.C. § 12112(d)) to accurately assess any medical condition that Defendant believes will compromise the ability to perform essential job functions or pose a direct threat and its actual relationship, if any, to the performance of essential job functions for the particular job at issue; (b) distinguishing whether the job functions at issue are essential job functions, marginal functions, or not job functions at all within the meaning of the ADA but rather are methods/means of performing a job function; and (c) analyzing whether there are reasonable accommodations available to allow the applicant or employee to perform the essential functions of the job.

## MONETARY RELIEF

9. Defendant agrees to pay monetary relief to Charging Party John Doe in the total amount of Seventy Five Thousand Dollars ($75,000.00), of which Six Thousand Forty Dollars ($6,040.00) shall be paid as full resolution of the claim for back pay and Sixty Eight Thousand Nine Hundred Sixty Dollars ($68,960.00) shall be paid as full resolution of the claim for compensatory damages for emotional distress and/or punitive damages. Defendant shall issue one check for the back pay amount (less applicable tax withholdings) and a second check for the compensatory damages amount. The checks will be made out to Charging Party John Doe's legal name, which is known to all parties. The amount treated as back pay shall be paid less the employee's share of applicable withholding which includes and is limited to federal income tax withholdings, state income tax withholdings, local income tax withholdings, and the payee's share of federal Social Security and Medicare withholdings (i.e., FICA and any other related tax).

10. The payments referenced in Paragraph 9 shall be made within 10 business days of the Effective Date.

11. At the time such tax documents are issued to other employees, Defendant shall

4

issue to Charging Party John Doe an IRS Form W-2 for the monetary relief amount constituting back pay, and a Form 1099 for the monetary relief amount constituting compensatory damages. Charging Party John Doe shall provide an executed IRS Forms W-4 and W-9 to counsel for Defendant prior to the issuance of the payments referenced in Paragraph 9.

12. Defendant will mail the checks for monetary relief to Charging Party John Doe, at an address to be provided by the EEOC. Defendant will mail a photocopy of the checks to the EEOC, to the attention of Deborah A. Kane, Senior Trial Attorney, Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222, within five (5) business days of the date of mailing of the checks to Charging Party.

## POSTING OF NOTICE

13. Within five (5) business days of the Effective Date, Defendant shall post a physical copy of the Notice, attached hereto as Exhibit A on the bulletin boards usually used by it for communicating with employees at the Covered Facility. The Notice shall remain posted for three (3) years from the Effective Date. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) business days after the Effective Date that the Notice has been properly posted. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

14. Defendant shall create and implement a policy or policies that explain, define, and prohibit discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees, and harassment on the basis of disability, as well as retaliation, and which contain related complaint procedures. These policies and procedures shall

5

be drafted using language that can be reasonably understood by the ordinary reader. Defendant shall ensure that its policy against discrimination and related complaint procedures meet the following minimum criteria:

    (a)    The policy shall fully describe Defendant's duties set forth in Paragraph 8, above; require that all management and supervisory personnel adhere to those duties; and identify potential sources of vocational rehabilitation expertise in the community including but not limited to the Job Accommodation Network and provide their contact information;

    (b)    state that Defendant: (i) prohibits discrimination against employees on the basis of disability in violation of the ADA, which includes failing to reasonably accommodate persons with disabilities; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under the ADA; (iii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of disability in violation of the ADA; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to, physical or verbal abuse and/or derogatory comments based on disability in violation of the ADA;

    (c)    include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provides effective mechanism(s) for reporting incidents of discrimination,

harassment and retaliation; (ii) provides that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identifies individuals to whom an employee can make a complaint, including permitting employees to report a claim of discrimination, harassment or retaliation directly to his or her supervisor or manager; (iv) encourages prompt reporting by employees; and (v) provides assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

(d) provide for prompt investigation of complaints of discrimination, harassment and/or retaliation;

(e) provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed;

(f) provide for discipline up to and including immediate discharge of any employee who violates Defendant's policy or policies against discrimination, harassment and retaliation; and

(g) ensure that the explanation of retaliation: (i) includes information that employees are protected against retaliation because he or she "participated in or cooperated with the investigation of a charge or complaint"; (ii) advises that prohibited retaliation may include conduct by supervisors, managers, or co-workers; and, (iii) advises employees to report retaliatory conduct in the same way that harassment is to be reported.

15. Defendant shall distribute to all of its employees its policy and procedures against disability-related discrimination within sixty (60) days after the Effective Date. Thereafter, Defendant shall distribute a copy of its policy and procedures against disability-related

discrimination to each subsequently hired/placed employee/applicant at the time of hire.

16. Defendant shall revise its "Health Status Statement Form" to prevent the inadvertent disclosure of medical information. If, during the term of this Decree, medical information is disclosed through the use of this form, and Defendant uses such information to disqualify an applicant from employment or assignment, Defendant shall, within thirty (30) days of such disqualification, report to EEOC the following information about the applicant: name, address, telephone number, position applied for, date of application, and reason for disqualification.

## ADA TRAINING

17. Defendant shall retain, at its own expense, a vocational rehabilitation expert or other qualified third-party consultant to provide Defendant with not less than four (4) hours of training regarding the following: (i) conducting medical inquiries or examinations, including fitness for duty examinations, in compliance with the ADA; (ii) techniques and procedures for accurately assessing whether an employee or applicant is medically qualified to perform essential job functions with or without reasonable accommodation; (iii) the interactive process of assessing ability to perform essential job functions with or without reasonable accommodation and of identifying and providing reasonable accommodation; (iv) techniques and procedures for accurately identifying essential job functions; and (v) the use of universal precautions and other accommodations by persons with HIV who are employed in health care occupations relevant to Defendant's business operations. Not less than two (2) hours of the training set forth in this paragraph shall be dedicated to reasonable accommodation, the interactive process, and essential job function analysis. The following employees shall be required to complete the training described above: any Defendant personnel at the Covered Facility whose job duties include: making hiring and discharge decisions; collecting, reviewing and/or analyzing medical

information, including conducting fitness for duty examinations; acting on requests for reasonable accommodation; receiving complaints of discrimination; conducting discrimination investigations; and/or making decisions regarding preventive and corrective action. This training shall be provided within ninety (90) days of the Effective Date, and within thirty (30) days of the start of employment for all new hires in such positions. The EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course, and the name and job title of each attendee within one (1) month of such training. The first training session may be recorded by video, and the video version may be used in subsequent training sessions.

## REPORTING PROVISIONS

18.     For the duration of this Decree, Defendant shall furnish reports annually following the Effective Date. Each such report shall contain the following: (a) the name, address, telephone numbers and social security number of any individual who has made a complaint relating to or reporting discrimination on the basis of disability, including a brief description of the nature of the complaint; (b) the name, address, telephone numbers and social security number of any individual who was disqualified from employment on the basis of a medical condition.

19.     The first report shall be due twelve (12) months from the Effective Date, with subsequent reports due every twelve (12) months thereafter, with the final report due one (1) month prior to the expiration of this Decree.

## RECORD RETENTION

20.     If, during the duration of this Decree, Defendant receives any complaints of discrimination on the basis of disability, including complaints that Defendant disqualified an individual from work due to a physical or mental impairment or perceived impairment or failed

9

to provide a reasonable accommodation, Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of the complainant; the date of the complaint; the specific allegations of harassment or discrimination that were made; the name(s), home addresses, home telephone numbers and cell phone numbers (as applicable), job titles and social security numbers of any alleged perpetrators and any potential witnesses; the complete substance of any statements made by each alleged perpetrator and each witness who was interviewed; a description of actions taken to investigate the complaint; and a description of Defendant's conclusions regarding the complaint and any corrective action in response to the complaint.  Defendant shall also retain with the investigative file any other documents created or obtained in relation to a complaint, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications.  Defendant shall retain all of the aforementioned records for the duration of this Decree.

21.  For the duration of this Decree, Defendant shall retain all personnel, payroll, complaint and other personnel documents of any character related to any person complaining of or reporting disability discrimination, as well as all documents relating to any person who was accused of such conduct or known to be a witness.

22.  For the duration of this Decree, Defendant shall retain all documents relating to applications for employment, including documents relating to any medical examinations or inquiries and documents relating to the disqualification of any applicant on medical grounds.

23.  Defendant's obligation to maintain records, as set forth in this section is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14.  Defendant shall comply with 29 C.F.R. §1602.14.

24.     Defendant shall make all documents that are the subject of this Decree available for inspection and copying within fifteen business (15) days of receiving a written request from the EEOC for such documents.

DISPUTE RESOLUTION AND COMPLIANCE REVIEW

25.     For the duration of the Decree, this Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

26.     Upon motion of the EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.  Prior to such motion, the EEOC shall notify the Defendant, in writing, of the alleged non-compliance.  Upon receipt of written notice, Defendant shall have fifteen business (15) days either to correct the alleged non-compliance, and so inform the EEOC, or deny the alleged non-compliance, in writing.

27.     If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach, to which Defendant will have an opportunity to respond in writing no fewer than fourteen (14) days prior to any hearing being scheduled.

28.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

29.     For the duration of the Decree, the EEOC, its agents and employees shall in their discretion have the legal authority to enter the Covered Facility, with five (5) business days prior notice to the Defendant and its counsel, and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Decree.  Such inspections may, at the discretion of the EEOC, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other

investigatory technique or procedure permitted by the ADA or the EEOC's regulations. The EEOC shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree. If Defendant objects to any request made by EEOC pursuant to this Paragraph, it shall make any such objections in writing and within a reasonable time of the request. If the parties cannot resolve the objections, then the dispute resolution procedures of Paragraph 26 and 27 shall apply to any remaining dispute. Neither the EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS PROVISIONS

30. Each party to this Decree shall bear its own expenses, attorney's fees and costs.

31. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

32. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

33. When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

34. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Maxim Healthcare Services, Inc. ADA Settlement, Equal Employment Opportunity Commission, c/o Deborah A. Kane, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

APPROVED BY:

FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 11/28/2014

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 11/28/2014

FOR DEFENDANT MAXIM HEALTHCARE SERVICES, INC.:

JAMES F. GLUNT
Pa. I.D. #85555
Email: jay.glunt@ogletreedeakins.com
SAMANTHA M. CLANCY
Pa. I.D. #307755
Email: samantha.clancy@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412394-3339
Facsimile: 412-232-1799

AND

WILLIAM E. GROB (Admitted *pro hac vice*)
Florida Bar No. 463124
Email: william.grob@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
100 North Tampa Street, Suite 3600

*[signature]*

DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: (412) 395-5866
Email: deborah.kane@eeoc.gov

Dated: **11/28/2014**

Tampa, FL 33602
Telephone: 813-289-1247
Facsimile: 813-289-6530

*Counsel for Defendant*
*Maxim Healthcare Services, Inc.*

Dated: 26 November 2014

*[signature]*

TONI-JEAN LISA
GENERAL COUNSEL, VICE-PRESIDENT
*Maxim Healthcare Services, Inc.*

Dated: 11/26/14

IT IS SO ORDERED:

*[signature]*

Honorable Mark R. Hornak
United States District Judge

11/30/14

DATE

14